JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 15-6666 PA (PLAx); CV 15-6677; CV 15-6680; CV 15-6682; CV 15-6684; CV 15-6686; CV 15-6689; CV 15-6690; CV 15-6693; CV 15-6696; CV 15-6697; CV 15-6698; CV 15-6702; CV 15-6704; CV 15-6706; CV 15-6710; CV 15-6711; CV 15-6712; CV 15-6715; CV 15-6716; CV 15-6718; CV 15-6721; CV 15-6722; CV 15-6723; CV 15-6724; CV 15-6725; CV 15-6726; CV 15-6727; CV 15-6728; CV 15-6730; CV 15-6731; CV 15-6732; CV 15-6733; CV 15-6735; CV 15-6736; CV 15-6737; CV 15-6738; CV 15-6739; CV 15-6740; CV 15-6741; CV 15-6742; CV 15-6743; CV 15-6744; CV 15-6745; CV 15-6746; CV 15-6747; CV 15-6748; CV 15-6749; CV 15-6750; CV 15-6751; CV 15-6752; CV 15-6753; CV 15-6754; CV 15-6755; CV 15-6756; CV 15-6757; CV 15-6760; CV 15-6761; CV 15-6762; CV 15-6763; CV 15-6765; CV 15-6768; CV 15-6774; CV 15-6790; CV 15-6896; CV 15-6905; CV 15-6911; CV 15-6920; CV 15-6924; CV 15-6938; CV 15-6941; CV 15-6945; CV 15-6949; CV 15-6953; CV 15-6958; CV 15-6963; CV 15-6966; CV 15-6974; CV 15-6975; CV 15-6980; CV 15-6985; CV 15-6989; CV 15-6992; CV 15-6993; CV 15-6995; CV 15-6996; CV 15-6997; CV 15-6998; CV 15-7000; CV 15-7001; CV 15-7002; CV 15-7003; CV 15-7004; CV 15-7005; CV 15-7007; CV 15-7008; CV 15-7009; CV 15-7010; CV 15-7012; CV 15-7013; CV 15-7014; CV 15-7015 | Date | September 29, 2015 |
|---|---|---|---|
| Title | In re Boston Scientific Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Defendant Boston Scientific Corporation ("Boston Scientific") recently removed the above listed cases to the Central District of California from Los Angeles Superior Court. The Court has designated this case, Stacey Ashcraft v. Boston Scientific Corp., Case No. CV 15-6666 PA (PLAx), as the lead case and the parties have agreed that the Motion to Remand filed in the lead case shall apply to all of the cases listed above. The Court has reviewed both the Motion to Remand (Docket No. 21) in the lead case and Boston Scientific's Opposition to that Motion. The Court concludes that it requires no additional briefing. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 19, 2015, is vacated, and the matter taken off calendar.

These 102 cases involve claims by plaintiffs who allege that they have been injured after surgical procedures they received to implant pelvic mesh manufactured by Boston Scientific. Each of the plaintiffs in the 102 cases were previously co-plaintiffs together in one of two actions that were pending in the Los Angeles Superior Court prior to their removal. The first of those actions, Muller v. American Medical Systems, Inc. ("Muller"), Los Angeles Superior Court Case No. BC515042, was filed in Los Angeles Superior Court on July 12, 2013, with 66 plaintiffs. The second action, Edgar v. Boston Scientific Corp. ("Edgar"), Los Angeles Superior Court Case No. BC531849, was filed in Los Angeles Superior Court on December 30, 2013, with 43 plaintiffs. Each of those cases, as well as two others that have not been assigned to this Court,[1] included plaintiffs who were citizens of Massachusetts, where Boston Scientific is headquartered, or Delaware, where it is incorporated.

In Muller, the original named defendant, American Medical Systems, Inc., filed a Notice of Removal on August 27, 2013. After finding that the Court lacked subject matter jurisdiction, the Court remanded Muller on August 29, 2013. See Case No. CV 13-6276 PA (Rzx). Plaintiffs amended their Complaint in Los Angeles Superior Court on October 28, 2013, to name Boston Scientific as the defendant and dismissed the remaining defendants in December 2013. The actions proceeded in Los Angeles Superior Court with all of the 66 plaintiffs in Muller and 43 plaintiffs in Edgar joined together until August 5, 2015. On that date, Los Angeles Superior Court Judge William Highberger granted Boston Scientific's Motion to Sever, which Boston Scientific had filed on July 10, 2015, and severed the claims of each plaintiff, gave each severed plaintiff "a specific docket number that gives an alpha suffix to the general civil docket number originally assigned to the aggregation of claims for each case" and ordered that "[n]o new filing fee will be charged to plaintiffs or defendants as a consequence of this severance process, and no new filing of one-off complaints will be required since that would appear to elevate form over substance."

Following Judge Highberger's severance order, Boston Scientific removed each of the recently-severed cases by filing Notices of Removal beginning on September 1, 2015, with the last of the Notices of Removal filed on September 4, 2015. In each of the Notices of Removal, Boston Scientific alleges that the Court has subject matter jurisdiction based on its diversity jurisdiction. See 28 U.S.C. § 1332. Boston Scientific has not removed the individual cases of the non-diverse plaintiffs. According to the Notices of Removal:

> [Boston Scientific] pursued a motion for forum non conveniens. [Boston Scientific] could not immediately pursue severance of the actions via demurrer because it would have waived its right to pursue forum non conveniens unless it simultaneously filed a motion to dismiss or stay based on those grounds. . . . To avoid waiver, [Boston Scientific] answered the complaint and sought basic jurisdictional discovery targeting information such as the specific products at issue, where the procedures took place, the identity and location of the implanting and explanting physician(s), and whether each plaintiff claimed damages in excess of the amount-n-controversy requirement.

---

[1] The other two cases are Mauck v. Boston Scientific Corp., Los Angeles Superior Court Case No. BC515043, in which the removed cases of the plaintiffs who were previously joined together have been assigned to United States District Judge George Wu, and Pate v. Boston Scientific Corp., Los Angeles Superior Court Case No. BC515307, in which the removed cases of the plaintiffs who were previously joined together have been assigned to United States District Judge Beverly Reid O'Connell.

(Notice of Removal, ¶ 6.) Plaintiffs appear to have all responded to that discovery in March 2014. (See Weiler Decl., Ex. K.)

The Motion to Remand asserts that the Notices of Removal are procedurally defective because they were filed more than one year after the commencement of the case and that the "bad faith" exception to the one-year limit on removals based on the Court's diversity jurisdiction should not apply under the circumstances presented here. See 28 U.S.C. § 1446(c)(1). Plaintiffs additionally assert that the "voluntary/involuntary rule" requires remand because the basis for federal jurisdiction did not result from a "voluntary" act undertaken by them. See California v. Keating, 986 F.2d 346, 348 (9th Cir. 1993). Boston Scientific contends that the removals are not procedurally defective under section 1446(c)(1)'s one-year limitation because Judge Highberger's severance order created "new" cases that were commenced less than 30-days before they were removed. Boston Scientific additionally argues that even if section 1446(c)(1)'s one-year limitation would otherwise apply, the misjoinder of plaintiffs to prevent the removal of the actions based on diversity jurisdiction qualifies as "bad faith" under section 1446(c)(1)'s exception to the one-year removal limitation when "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." See, e.g., Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)). In attempting to invoke this Court's diversity jurisdiction, Boston Scientific must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

In attempting to invoke this Court's diversity jurisdiction, a defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd.,704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

To remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal. These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1); see also Parrino v. FHP, Inc., 146

F.3d 699, 703 (9th Cir. 1998) ("[A] proper removal notice must be filed within 30 days of service of the plaintiff's complaint."). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Diversity cases where the initial pleading is not removable "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, Boston Scientific's Notices of Removal asserted that § 1446(c)(1) does not apply because the claims of the individual plaintiffs "were initially removable on diversity grounds because, for this individual plaintiff, diversity of citizenship has always existed and the amount-in-controversy has always exceeded $75,000." (Notice of Removal ¶ 44.) The Ninth Circuit has construed § 1446(c)(1) to apply only to cases removed pursuant to § 1446(b)(3)—i.e. cases that "become" removable. See Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998) ("The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception."). The Court rejects Boston Scientific's argument that the claims of the individual non-diverse plaintiffs have always been removable. See In re Johnson & Johnson Cases, No. 2:15-CV-5311 JGB (Spx), 2015 WL 5050530, at *7 (C.D. Cal. Aug. 24, 2015) ("[A]ny facial plausibility of this argument is based on its conflating 'cases,' 'claims,' and 'actions.' In fact, Plaintiff's claims were not initially removable on diversity grounds because § 1441 does not provide for the removal of individual claims, only for the removal of actions. See § 1441(a). While the removal statute at one time provided for removal of individual parts of an action, the statute has since been amended to remove these provisions. Accordingly, there is little to recommend Ethicon's argument that the case stated by the initial pleading was removable.") (citations omitted). Indeed, in Muller, Mauck, and Pate, all three District Judges assigned to those actions, including this Court, concluded that the initial actions were not removable, and Boston Scientific did not attempt to remove Edgar until after Judge Highberger issued his severance order.

Nor does the Court accept Boston Scientific's contention that Judge Highberger's severance order "commenced" "new" actions that could be removed within 30 days pursuant to section 1446(b)(1).[2/] Instead, the Court concludes that the date of the "commencement of the action" of each individual plaintiff's claims was the date of the filing of the initial complaints in Muller and Edgar for purposes of § 1446(c)(1). See, e.g., Wejrowski v. Wyeth, No. 4:06CV292 CDP, 2012 WL 2367388, at *3 (E.D. Mo. June 21, 2012) ("But even though the plaintiffs' second amended complaint will proceed

---

[2/] Boston Scientific's reliance on Judge Bernal's order denying the Motions to Remand filed in the Johnson & Johnson cases, and this Court's granting of Motions for Reconsideration vacating its remand of similar Johnson & Johnson pelvic mesh cases, is misplaced. In those cases, the removing defendant had never been served, and therefore possessed the ability to remove the cases pursuant to § 1446(b)(1). Because that un-served defendant's Notices of Removal were timely under § 1446(b)(1), § 1446(b)(3) did not apply. As a result, § 1446(c)(1)'s one-year limitation on removals did not render those removals procedurally defective. See In re Johnson & Johnson Cases, 2015 WL 5050530, at *9 ("Because Plaintiff did not effect service of process on Ethicon, Plaintiff never started the clock running for Ethicon's removal under § 1446(b)(1), so Ethicon need not rely on § 1446(b)(3) for removal. Thus, § 1446(c)(1) is inapplicable . . . .").

as an independent claim from the point it was severed, it was still part of the original case filed on July 7, 2004, and the state court recognized that it was commenced then. Defendant's opportunity to remove was limited to one year from that original commencement date, and the intervening removal, remand, and severance have no effect on the one-year time limit."). This conclusion is supported by the fact that Judge Highberger did not order the filing of new complaints or filing fees when he severed the claims of each individual plaintiff and otherwise treated those claims as continuations of the claims previously asserted in <u>Muller</u> and <u>Edgar</u>.

The Court therefore concludes that the Notices of Removal are governed by section 1446(b)(3) rather than 1446(b)(1), and that, as a result, section 1446(c)(1)'s one-year limit on diversity removals applies. Although the one-year limit does not apply if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action," the Court makes no such finding here. To the contrary, there are many reasons why a plaintiff might prefer that an action proceed in state rather than federal court. Courts must therefore distinguish between legitimate tactics that a plaintiff might employ to defeat or complicate the removal of an action from state court from those involving "bad faith."

Boston Scientific's only argument that plaintiffs acted in "bad faith in order to prevent" removal is the joinder of non-diverse parties. "The Ninth Circuit has not addressed the standard to be applied to meet the bad faith requirement of the amendment to Section 1446 nor has it recognized any equitable exceptions to section 1446(c)(1) . . . . While it is unclear what standard would be used in this context, the requirement that a party acts in bad faith sets a high threshold." <u>NKD Diversified Electronics, Inc. v. First Mercury Ins. Co.</u>, No. 1:14-CV-00183-AWI-SAB, 2014 WL 1671659, at *3 (N.D. Cal. Apr. 28, 2014) (internal citations omitted). In other circumstances, the Ninth Circuit has said that "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.' A party also demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997) (citations omitted). As the removing party, the defendant bears the burden of demonstrating that the plaintiff has acted in bad faith. <u>NKD Diversified Electronics, Inc.</u>, 2014 WL 1671659, at *3.

Although Judge Highberger eventually found that plaintiffs were misjoined, misjoinder is not the same as "bad faith." <u>See Ehrenreich v. Black</u>, 994 F. Supp. 2d 284, 288 (E.D.N.Y. 2014) ("[I]t is far from clear that the 'bad faith' and 'fraudulent joinder' standards are one and the same . . . ."); <u>id.</u> ("The 'bad faith' exception under § 1446 governs the timing of removal."). As explained by the Ninth Circuit in an unpublished decision, although it has never "addressed the issue of 'fraudulent' or 'egregious' misjoinder of plaintiffs for the purpose of defeating diversity jurisdiction in the federal courts," the Eleventh Circuit "has recognized the additional theory of egregious misjoinder, where the claims of non-diverse plaintiffs have no real connection or nexus to the claims of the diverse plaintiffs." <u>Cal. Dump Truck Owners Ass'n v. Cummins Engine Co.</u>, 24 F. App'x 727, 729 (9th Cir. 2001) (citing <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353 (11th Cir. 1996); <u>see also</u> <u>Stone-Jusas v. Wal-Mart Stores, Inc.</u>, No. 2:14-CV-00669-JCM-NJK, 2014 WL 5341686 (D. Nev. Oct. 20, 2014) ("<u>Tapscott</u> has come under intense scrutiny by courts in this and other Circuits, as well as by prominent commentators. The criticism of <u>Tapscott</u> has focused largely on the fact that its fraudulent misjoinder doctrine runs afoul of the well-settled rule that federal jurisdiction is to be narrowly construed, that the fraudulent misjoinder doctrine creates an unpredictable and complex rule, and that questions of joinder under state law do not implicate federal subject matter jurisdiction. Numerous courts have found that the better approach is to require the defendant to challenge the claimed misjoinder in state court and, if that court severs the claims and diversity then exists, it could seek removal to federal court.") (citations omitted).

In remanding <u>Muller</u> when it was first removed in 2013, this Court stated that even if it were to follow <u>Tapscott</u> and recognize the fraudulent misjoinder of plaintiffs, "it is not clear that the joinder is egregious or grossly improper." Nothing in the intervening two years since the Court first remanded <u>Muller</u> changes this conclusion. Having failed to establish "egregious misjoinder," Boston Scientific cannot satisfy the "high threshold" to meet its burden to demonstrate that plaintiffs acted in "bad faith" to prevent removal.

      Boston Scientific's admission that it did not seek severance earlier because it did not want to waive its right to bring a forum non conveniens motion provides additional support for the Court's conclusion that plaintiffs have not engaged in "bad faith in order to prevent" removal. Boston Scientific has pointed to no evidence that plaintiffs in any way prevented Boston Scientific from seeking severance prior to when it finally filed its Motion to Sever in July 2015. Indeed, the discovery responses that Boston Scientific cites in its Notices of Removal as necessary prior to pursuing a forum non conveniens motion, and the reason it did not seek severance sooner, were provided in March 2014, which was four months before the expiration of section 1446(c)(1)'s one-year limitation for removal for <u>Muller</u> and nearly nine months before the expiration of the one-year limitation for <u>Edgar</u>. Other than the initial joinder of their claims with non-diverse co-plaintiffs, there is no evidence that these plaintiffs did anything, in bad faith or otherwise, to prevent Boston Scientific from seeking severance and removing the actions within section 1446(c)(1)'s one-year period for removal. Instead, "bad faith" must ordinarily include evidence that "the plaintiff has engaged in strategic gamesmanship to prevent a defendant's removal from state court." <u>Ehrenreich</u>, 994 F. Supp. 2d at 288; <u>see also</u> <u>Ritchey</u>, 139 F.3d at 1317-18 (discussing the practice of courts construing the former version of the applicable provisions of § 1446 and using "equitable estoppel doctrines to permit removal . . . after one year has passed . . . to ameliorate the fact that . . . a plaintiff need only file an action in state court and then wait one year before service, if he wishes to deprive the defendant of the ability to remove under any circumstances.").

      For all of the foregoing reasons, the Court concludes that section 1446(c)(1)'s one-year limitation on removals applies to each of the removed actions pending before this Court and that Boston Scientific has not met its burden to demonstrate that plaintiffs acted in bad faith to prevent removal. As a result, Boston Scientific's Notices of Removal, filed well more than one year after commencement of these actions, is procedurally defective. Having concluded that the Notices of Removal are procedurally defective, the Court declines to address application of the voluntary/involuntary rule. The Court remands these actions to Los Angeles Superior Court in Case Nos. BC515042 (and the appropriate alpha suffixes) and BC531849 (and the appropriate alpha suffixes). <u>See</u> 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.